IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEFFERY HAAS,
# 10012-029,

Petitioner,

vs.                                         Case No. 15-cv-642-DRH

JAMES CROSS,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Jeffery Haas, an inmate in the Federal Correctional Institution located in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. He challenges his enhanced sentence as a career offender under the United States Sentencing Guidelines § 4B1.1 ("Sentencing Guidelines"). This matter is now before the Court for preliminary review of the habeas petition.

Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. Without commenting on the merits, the Court concludes that the habeas petition survives preliminary review under Rule 4 and Rule 1(b).

## I. Background

On December 8, 2002, four individuals entered a store in Coggon, Iowa, and stole an ATM that was owned by a bank and located in the store. In connection with this incident, Haas was charged with two federal crimes: (1) Count 1 - aiding and abetting the burglary of a building that was used in part as a bank in violation of 18 U.S.C. § 2113(a); and (2) Count 2 - theft of bank funds in violation of 18 U.S.C. § 2113(b). *United States v. Haas*, Case No. 07-cr-00026-LRR-1 (N.D. Ia. 2007) ("criminal case"). A jury found Haas guilty of both counts on July 17, 2007 (Doc. 72, criminal case).

The district court subsequently determined that the two counts were multiplicitous, and Haas should only be sentenced on one count (Doc. 118, criminal case). On December 18, 2008, the court sentenced Haas as a career offender to 210 months of imprisonment and 3 years of supervised release on Count 1[1] (Doc. 128, criminal case).

Haas filed a timely appeal with the Eighth Circuit Court of Appeals. *United States v. Haas*, 623 F.3d 1214 (8th Cir. 2010). Among other things,[2] he challenged his career offender status, based on his prior convictions in Iowa for burglary of a motor home and burglary of a locked garage. *Id.* at 1220.

---

[1] Although the district court imposed an alternative sentence of 120 months on Count 2, in the event "the Court . . . erred and . . . should be sentencing for some reason on Count 2 as opposed to Count 1," the court ordered Count 2 dismissed upon final affirmance of Count 1. *See United States v. Haas*, 623 F.3d 1214, 1218 n. 2 (7th Cir. 2010).

[2] He also argued that: (1) he was improperly convicted of aiding and abetting bank burglary because the convenience store at issue was not a bank; (2) he was entitled to a new trial because of instructional and evidentiary errors committed by the district court; (3) the district court erred in refusing to appoint him counsel before sentencing; and (4) his alternative sentence for bank theft was an unreasonable and improper upward departure. *Id.* at 1217.

He argued that neither crime qualified as a "crime of violence" under U.S.S.G. § 4B1.2(a)(2). *Id*. The Eighth Circuit affirmed the conviction and sentence on October 15, 2010. *Id.*

Haas subsequently filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Northern District of Iowa on October 1, 2012. *Haas v. United States*, Case No. 12-cv-00097-LRR-1 (N.D. Ia. 2012). Haas argued, in part, that he received ineffective assistance because counsel failed to object to information used by the district court at sentencing (hereinafter "sentencing court") to determine his career offender status. The motion was denied on July 21, 2014. Haas subsequently filed an application for a certificate of appealability, which was denied on February 3, 2015. *Haas v. United States*, Case No. 14-3089 (8th Cir. 2014).

Haas filed a § 2241 petition in this District on June 9, 2015 (Doc. 1). While preliminary review of the petition was pending, the United States Supreme Court decided *Johnson v. United States*, No. 13-7120, 135 S. Ct. 2551 (June 26, 2015). Haas sought leave to file an amended petition (Doc. 3) on the basis of *Johnson*, and this Court granted his motion. His first amended petition followed on July 28, 2015.

## II. First Amended Petition

In the first amended petition, Haas challenges the sentencing court's finding that he is a career offender who is subject to an enhanced sentence under the Sentencing Guidelines (Doc. 5). Without the enhancement, Haas claims that he

would have been sentenced to 41-51 months imprisonment. Instead, he received a 210-month sentence on Count 1 and an alternative 120-month sentence on Count 2 (Doc. 5, p. 4). Haas contends that his sentence is 159 months longer than it would have been without a career offender enhancement (*Id.*).

Haas takes issue with the determination that his two prior Iowa state burglary convictions (*i.e.*, burglary of a detached garage and burglary of a recreational vehicle) qualify as predicate offenses under U.S.S.G. § 4B1.1(b). He claims that these two prior convictions, as well as his conviction for violation of 18 U.S.C. § 2113(a), no longer qualify as "crimes of violence" (Doc. 5-1, p. 10). In support of this argument, Haas relies on the United States Supreme Court's decisions in *Johnson v. United States*, No. 13-7120 (June 26, 2015), and *Descamps v. United States*, No. 11-9540, 133 S. Ct. 2276 (Jan. 7, 2013). Haas argues that both *Johnson* and *Descamps* provide him with an opportunity to challenge his prior conviction pursuant to 28 U.S.C. § 2255(e). He now seeks resentencing without the career offender enhancement (Doc. 5-1, p. 20).

### III. <u>Discussion</u>

As a general matter, § 2241 and § 2255 "provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000)). *See also Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to § 2255 in the court that sentenced him. Indeed, a § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). However, the statute generally limits a prisoner to *one* challenge of his conviction and sentence under § 2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either: (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h).

Under very limited circumstances, a prisoner may challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of § 2255(e), where a remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e); *United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). "'Inadequate or ineffective' means that a 'legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'" *Hill*, 695 F.3d at 648 (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)). Haas now contends that he is one of those for whom the § 2255 motion is inadequate or ineffective to test the legality of his detention.

The Seventh Circuit has explained that, in order to fit within the savings clause following *In re Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Second, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Last, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

Haas' reliance on *Descamps* appears to be misplaced. The Supreme Court in *Descamps* held that the defendant should not have been subject to a career offender enhancement where his previous California burglary conviction was for violating a statute that criminalized conduct beyond the "generic" elements of the crime of burglary (*i.e.*, unlawful entry into a building with the intent to commit a crime). However, *Descamps* did not articulate a new rule of statutory law that was made retroactive by the Supreme Court on collateral review. *See Groves v. United States*, 755 F.3d 588, 592 (2014). Therefore, it does not appear to satisfy the *Davenport* requirements.

However, Haas' reliance on *Johnson* gives the Court reason to pause. In *Johnson*, the Supreme Court addressed the question of whether the residual clause[3] in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(B)(ii), is

---

[3] The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year that (i) has as an element the use, attempted use, or threatened use of physical force

unconstitutionally vague. *See Johnson v. United States*, No. 13-7120, 2015 WL 2473450 (U.S. June 26, 2015). On June 24, 2015, the Supreme Court held that it is unconstitutionally vague and violates due process. *See id*.

Whether *Johnson* applies to Haas' case is unclear. His sentence was enhanced under the career offender provision of the Sentencing Guidelines. *See* U.S.S.G. § 4B1.2(a). *Johnson* addresses the ACCA. The Seventh Circuit has not specifically decided whether the *Johnson* rationale applies to individuals sentenced as career offenders under the Sentencing Guidelines. However, the Court has held that "[t]he definition of 'crime of violence' in the career-offender guidelines is almost identical to the definition of 'violent felony' in the ACCA; therefore, our case law interpreting the two definitions is interchangeable." *See United State v. Hampton*, 675 F.3d 720, 730 (7th Cir. 2012).

Even if applicable, *Johnson* may not provide Haas with the relief he seeks. One reason is that the Supreme Court in *Johnson* did not invalidate the entire ACCA. Even under *Johnson,* prior violent felonies that were *properly* determined at sentencing to fall either into the category of one of the enumerated offenses (generic burglary, arson, extortion, or any offense that involves the use of explosives) or offenses which had as an element the use, attempted use, or threatened use of physical force against the person of another remain valid predicate offenses for purposes of sentencing enhancements under the ACCA.

---

against the person of another, or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.* 18 U.S.C. § 924(e)(2)(B). The italicized portion is referred to as the "residual clause."

And it is also unclear whether relief is available for such claims under § 2241. On August 4, 2015, the Seventh Circuit concluded that *Johnson* announces a new substantive rule of constitutional law that is retroactively applicable in a collateral attack on a final conviction. *Price v. United States*, Case No. 15-2427, 2015 WL 4621024, at *1 (7th Cir. Aug. 4, 2015) (authorizing District Court to consider second or successive § 2255 motion seeking relief under *Johnson*). However, *Price* suggests that a motion filed pursuant to § 2255 is the appropriate vehicle for seeking relief under *Johnson*.

With these caveats in mind, the Court will refer the instant first amended petition (Doc. 5) for further consideration. If Haas decides to pursue relief under § 2255, he is advised that he will need to seek permission to file a second or successive § 2255 motion with the federal Court of Appeals of the circuit in which he was sentenced pursuant to § 2255(h)(2), given the fact that he previously filed a § 2255 motion. *See* 28 U.S.C. § 2244(b)(3).

The first amended petition, which Haas filed pursuant to § 2241, cannot be re-characterized as a § 2255 motion. In *Collins v. Holinka,* 510 F.3d 666, 667 (7th Cir. 2007), the Seventh Circuit held that "judges must respect the plaintiff's choice of statute to invoke-whether § 2241, § 2255, or 42 U.S.C. § 1983-and give the action the treatment appropriate under that law." But because *Johnson* has broken new ground that calls Haas' current incarceration into question, the Court will allow him to proceed, at least for now, on his theory that a § 2255 motion is

inadequate or ineffective. The government shall be ordered to respond to the first amended petition (Doc. 5).

## IV. Disposition

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead within thirty days of the date this order is entered.[4] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Haas is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven

---

[4] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

(7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 26, 2015**

Digitally signed by David R. Herndon
Date: 2015.08.26 15:58:01 -05'00'

**United States District Judge**