IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEFFERY HAAS,

        Petitioner,

vs.                                Civil No.  15-cv-642-DRH-CJP

JAMES CROSS,

        Respondent.

## MEMORANDUM and ORDER

HERNDON, District Judge:

Petitioner Jeffery Haas, an inmate in the Bureau of Prisons, filed an amended petition for writ of habeas corpus under 28 U.S.C. §2241. (Doc. 5).  On September 21, 2015, Cross filed a response and a motion to dismiss (Doc. 11).  Hass opposes the motion (Doc. 12).  Based on the applicable law, the record and the following, the Court grants the motion to dismiss.

In 2007, a jury in the Northern District of Iowa convicted petitioner of one count of aiding and abetting the burglary of a building that was used in part as a bank, in violation of 18 U.S.C. §2113(a).  He was sentenced to 210 months imprisonment.  His sentence was enhanced because he was a career offender for purposes of the U.S. Sentencing Guidelines.   Haas argues that he is entitled to be resentenced without the career offender enhancement under the recent case of *Johnson v. United States,* —— U.S. ——, 135 S. Ct. 2551 (June 26, 2015). Respondent argues that Haas is precluded from making this argument in a §2241 petition.

1

## Relevant Facts and Procedural History

The sentencing court found that Haas was a career offender under U.S.S.G. §4B1.1(a) because his "instant offense," i.e., his conviction for violation of 18 U.S.C. §2113, was a crime of violence and he had two prior felony convictions for crimes of violence. His two prior convictions were for Iowa second degree burglary and Iowa third degree burglary. The court concluded that these convictions fell under the residual clause of U.S.S.G. §4B1.2(a), which defines "crime of violence" for purposes of §4B1.1. *United States v. Haas*, Case No. 07-cr-0026-LRR, Doc. 118 (N.D. Ia., November 26, 2008). Petitioner was sentenced on December 18, 2008. *Haas*, Case No. 07-cr-0026-LRR, Docs. 128 & 129.

On direct appeal, Haas raised several issues, including an argument that his prior convictions did not constitute crimes of violence under U.S.S.G. §4B1.2(a). The Eighth Circuit Court of Appeals affirmed his conviction and sentence. *United States v. Haas,* 623 F.3d 1214 (8th Cir. 2010).

Haas filed a motion under 28 U.S.C. §2255 in the Northern District of Iowa in which he raised claims of ineffective assistance of counsel and again argued that his prior crimes were not crimes of violence. The motion was denied on July 21, 2014. *Haas v. United States*, Case No. 12-097-LRR, Doc. 18. The Eighth Circuit denied a certificate of appealability. *Haas v. United States*, Case No. 14-3089 (8th Cir., February 3, 2015).

## Applicable Legal Standards

Generally, petitions for writ of habeas corpus under 28 U.S.C. §2241 may

not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence.  See, *Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998).

A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to 28 U.S.C. §2255 in the court which sentenced him. Indeed, a §2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). However, the statute generally limits a prisoner to *one* challenge of his conviction and sentence under §2255.  A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h).

It is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under §2241.  28 U.S.C. §2255(e) contains a "savings clause" which authorizes a federal prisoner to file a §2241 petition where the remedy under §2255 is "inadequate or ineffective to test the legality of his detention."   28 U.S.C. §2255(e).  See, *United States v. Prevatte*, 300 F.3d 792, 798– 99(7th Cir. 2002).  The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), and its progeny.

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first §2255 motion *and* the new rule must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). See also, *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

## Analysis

Respondent argues, correctly, that this Court cannot entertain petitioner's amended §2241 petition because it does not fit within the savings clause of 28 U.S.C. §2255(e).

The amended petition relies on both *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Johnson v. United States,* —— U.S. ——, 135 S. Ct. 2551 (June 26, 2015). In the order on preliminary review, this Court pointed out that *Descamps* cannot be the basis for habeas relief here because "*Descamps* did not articulate a new rule of statutory law that was made retroactive by the Supreme Court on collateral review. *See Groves v. United States*, 755 F.3d 588, 592 (2014). Therefore, it does not appear to satisfy the *Davenport* requirements." See, Doc. 6, p. 6.

Petitioner's *Johnson* claim cannot be brought here either because *Johnson*

does not announce a new rule of statutory construction.   In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Johnson,* 135 S. Ct. at 2563.   *Johnson* announces a new rule of constitutional law, and, therefore, cannot be the basis for a §2241 petition. *Brown v. Caraway*, 719 F.3d at 586.

Further, it is not at all clear that the rule announced in *Johnson* would be applicable to this case.  Haas was sentenced under the Sentencing Guidelines, and not under the Armed Career Criminal Act.   Haas correctly points out that U.S.S.G. §4B1.2(a) uses language that is identical to the residual clause of the ACCA.   However, the Seventh Circuit recently declined to address the possible application of *Johnson* to a Guidelines sentence, noting that, under Circuit precedent that predates *Johnson*, the Guidelines cannot be attacked as unconstitutionally vague.   *United States v. Rollins*, ___ F.3d ___, 2015 WL 5117087, at *6 (7th Cir., September 1, 2015).

It is clear that, even if *Johnson* applies to a Sentencing Guidelines case, Haas cannot bring his claim in a §2241 petition in this district because *Johnson* announces a new rule of constitutional law, and not of statutory construction,

While *Johnson* cannot be the basis for a §2241 petition, it may present grounds for filing a second or successive §2255 motion in the district where petitioner was convicted.   A second or successive §2255 petition requires permission from the appropriate court of appeals, and is allowed when the court

of appeals certifies that the petition is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h)(2).

The Seventh Circuit Court of Appeals recently held that *Johnson* announces a new substantive rule of *constitutional law* and, moreover, that the new rule applies retroactively in a collateral attack on a final conviction. *Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015). Accordingly, the Seventh Circuit granted the petitioner in *Price* permission to file a second or successive §2255 motion pursuant to 28 U.S.C. §2255(h). *Price*, 795 F.3d at 734-35.

If, like the petitioner in *Price*, Haas decides to pursue relief under §2255, he is advised that because he previously filed a §2255 motion, he must seek permission to file a second or successive §2255 motion with the federal court of appeals of the circuit in which he was sentenced. See 28 U.S.C. § 2244(b)(3). Since he was convicted in the Northern District of Iowa, the appropriate court would be the Eighth Circuit Court of Appeals. This Court expresses no opinion as to whether the Eighth Circuit would grant petitioner leave to file a second or successive §2255 motion.

Petitioner should note that 28 U.S.C. 2255(f)(3) requires that a §2255 motion relying on a newly-recognized right must be filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court...." *Johnson* was decided by the Supreme Court on June 26, 2015. Further, the one-year period prescribed by 2255(f)(3) runs from the date of the Supreme Court's

ruling initially recognizing the right asserted, and not from the date the newly recognized right was found to be retroactive. *Dodd v. United States,* 125 S. Ct. 2478, 2482 (2005).

As discussed above, petitioner's *Johnson* argument relies on a constitutional case, and not a case of statutory construction. Therefore, his petition does not meet the first of the *Davenport* conditions. *Brown v. Caraway,* 719 F.3d 583, 586 (7th Cir. 2013). Accordingly, respondent's Motion to Dismiss (Doc. 11) must be **GRANTED**.

If petitioner wishes to appeal the dismissal of his petition, he may file a notice of appeal with this court within 60 days of the entry of judgment. Federal Rule of Appellate Procedure 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien,* 216 F.3d 626, 638 (7th Cir. 2000).

## Conclusion

Respondent's Motion to Dismiss (Doc. 11) is **GRANTED**.    Jeffery Haas'

amended petition for writ of habeas corpus under 28 U.S.C. §2241 **(Doc. 5)** is

**DISMISSED** without prejudice.

The Clerk of Court is directed to enter judgment.

**IT IS SO ORDERED.**

**Dated:  October 14, 2015**

Digitally signed by
David R. Herndon
Date: 2015.10.14
11:04:33 -05'00'

**United States District Court**